IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DAVIOUS MARQUES BOYD, | : | |
| Plaintiff, | : | |
| | : | Case No. 5:23-cv-00222-MTT-CHW |
| v. | : | |
| PAUL BAILEY, *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| Defendants. | : | Before the U. S. Magistrate Judge |

# ORDER

*Pro se* Plaintiff Davious Marques Boyd, an inmate at the Ware State Prison in Waycross, Georgia, has filed a complaint under 42 U.S.C. § 1983. ECF No. 1. Plaintiff has not paid the filing fee or requested to proceed without prepayment of the filing fee. In order to proceed, Plaintiff must either pay the $402.00 filing fee or file a motion to proceed *in forma pauperis* with the required supporting documentation. If Plaintiff seeks leave to proceed *in forma pauperis*, then he is advised that pursuant to 28 U.S.C. § 1915(a)(1)-(2) he must file both an affidavit in support of his claim of indigency and "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." Without an account statement or similar certified documentation from Plaintiff's place of incarceration, the court does not have sufficient information to determine whether the Plaintiff will be permitted to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b).

If Plaintiff's complaint is an attempt to raise constitutional claims under 42 U.S.C § 1983 regarding an inmate assault at Hancock State Prison, his pleading is wholly

insufficient to do so. To proceed with this case, Plaintiff must recast his complaint on the Court's required 42 U.S.C. § 1983 complaint form to state a claim for which relief may be granted. Presently, it is unclear who is the intended defendant in this case, as Plaintiff broadly lists "all positions" as defendants. ECF No. 1 at 4. A damages suit under § 1983 requires that a defendant acting under color of state law be personally involved in the alleged constitutional deprivation. *See Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995); *West v. Atkins*, 487 U.S. 42, 48 (1988) (requiring in a § 1983 case an allegation of the violation of a right secured by the Constitution of the United States by a person acting under color of state law). Conclusory references to employees or to all persons in general fail to put any certain individual on notice of alleged wrongdoing. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam) (finding that as a general rule, "fictitious party pleading is not permitted in federal court"); *Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Thus, collective liability, *i.e.*, when claims are brought against defendants such as "all positions" or "staff" or "employees", is not permitted under § 1983 and a plaintiff must name a specific state actor who committed the civil rights violation. *See id.*; *Huey v. Raymond*, 53 F. App'x 329, 330 (6th Cir. 2002) (affirming dismissal as frivolous plaintiff's claims that "prison employees ... were conspiring to make [his] life miserable by poisoning virtually every item of food served to [the plaintiff] in the prison cafeteria, in his cell, and purchased at the canteen").

2

Plaintiff also appears to include an inmate as a Defendant. ECF No.1 at 1 and 5. Prison inmates predominantly do not meet the criteria to be deemed state actors in federal civil rights claims pursuant to § 1983. *See Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993); *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (finding that "[o]nly in rare circumstances" will private individuals be converted into "state actors" for purposes of § 1983.); *Jackson v. Strickland*, No. 4:17-CV-243-CDL-MSH, 2018 WL 2424140, at *2 (M.D. Ga. Apr. 4, 2018), *report and recommendation adopted*, 2018 WL 2422318 (M.D. Ga. May 29, 2018) (dismissing plaintiff's claims against a fellow inmate for an assault).

When naming Defendants in this civil action regarding his claim of assault at Hancock State Prison, Plaintiff must clearly identify those individuals he wishes to include as named defendants. When drafting his statement of claims, Plaintiff should list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's authority or role in the unconstitutional conduct?

(2) Is the Defendant a supervisory official and if so, was he/ she personally involved in the constitutional violation? If not, did his/her actions otherwise cause the unconstitutional action? How do you know?[1]

---

[1] Supervisors such as wardens, deputy wardens, or shift supervisors can only be liable under § 1983 if they personally participate in the constitutional violation, direct their subordinates to act unlawfully, or know their subordinates will act unlawfully but fail to stop them. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir.2010); *see also Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants because the record failed to show that

(3)   *How* were you injured as a result of this defendant's actions or decisions? If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4)   *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?   *What* did this defendant do (or not do) in response to this knowledge?

(5)   *What* relief you seek from this defendant?[2]

The recast complaint shall take the place of and supersede the complaint previously filed in this action.  Thus, the Court will not look back to the previous pleading to determine whether Plaintiff has stated a claim, and Plaintiff should take care to include all relevant factual allegations for any related claims that he wishes to raise in this complaint.

Plaintiff is hereby advised that in redrafting his complaint that he may not join unrelated claims and defendants in a single action.   Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether

---

they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

[2] Plaintiff currently requests that this Court "free all inmates across the globe", "clear all… families debts", and appoint him the "Warden to each facility in the state of GA".  ECF No. 1 at 6.  Even if Plaintiff could prevail in this action, this Court has no authority to grant Plaintiff the absurd relief that he seeks.  *See Newman v. Alabama*, 559 F.2d 283, 288 (5th Cir.), cert. denied, 438 U.S. 915 (1978) (district courts do not have the "authority to address state officials out of office…"); *Meachum v. Fano*, 427 U.S. 215, 229 (1976) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 491-492 (1973) ("The federal courts do not sit to supervise state prisons, the administration of which is acute interest to the States"). In fashioning relief for any constitutional violation, "a federal court must not unnecessarily involve itself in matters of prison administration." *Osterback v. Kemp*, 300 F.Supp.2d 1238, 1251 (N.D. Fla. 2003) (citation omitted).

a 'logical relationship' exists between the claims. *Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016) (quoting *Alexander v. Fulton Cty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000), overruled on other grounds by *Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)). For there to be a "logical relationship," the claims must "arise from common operative facts." *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013) (citations omitted).

Plaintiff should state his related claims as simply as possible referring only to the relevant allegations against the named defendants in this case; he also need not use legal terminology or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. In his recast complaint, Plaintiff shall completely answer each question on the form. Plaintiff is not to include any exhibits or attachments (*i.e* witness statements, grievance reports, etc.). **The complaint must be no longer than ten (10) pages.**

In conclusion, Plaintiff is **ORDERED** to complete and return a 42 U.S.C. § 1983 complaint form following this Court's instructions herein and either pay the filing fee or properly seek leave to proceed *in forma pauperis* within **FOURTEEN (14) DAYS** of the date of this Order. Plaintiff's failure to fully and timely comply with this order may result in the dismissal of this action.

The Clerk of Court is **DIRECTED** to forward a copy of this order, a 42 U.S.C. § 1983 complaint form, and an application to proceed without prepayment of the filing fee,

along with the appropriate certification form (with the civil action number shown on all) to Plaintiff. In the meantime, there shall be **NO SERVICE** of process upon any Defendant.

    **SO ORDERED and DIRECTED**, this 7th day of July, 2023.

                              s/ Charles H. Weigle  
                              Charles H. Weigle  
                              United States Magistrate Judge